IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NIMITZ TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 21-1247-CFC |
| | ) | |
| CNET MEDIA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| NIMITZ TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 21-1362-CFC |
| | ) | |
| BUZZFEED, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| NIMITZ TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 21-1855-CFC |
| | ) | |
| IMAGINE LEARNING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

NIMITZ TECHNOLOGIES LLC,  )
          )
    Plaintiff,    )
          )
    v.       )  Civ. No. 22-413-CFC
          )
BLOOMBERG L.P.,    )
          )
    Defendant.   )

---

## <u>MEMORANDUM ORDER</u>

On November 10, 2022, I issued a Memorandum Order directing Plaintiff
Nimitz Technologies LLC (Nimitz) to produce certain documents and
communications to the Court no later than December 8, 2022.  No. 21-1247, D.I.
27 at 2; No. 21-1362, D.I. 21 at 2; No. 21-1855, D.I. 22 at 2; No. 22-413, D.I. 18 at
2.  On November 16, Nimitz filed with the United States Court of Appeals for the
Federal Circuit a petition for a writ of mandamus to reverse the November 10
Memorandum Order.  *In re Nimitz Techs. LLC*, No. 23-103, D.I. 2 at 3 (Fed. Cir.
Nov. 16, 2022).  On November 17, the Federal Circuit stayed the November 10
Memorandum Order "pending further action of" the Federal Circuit.  No. 23-103,
D.I. 5 at 2.  On December 8, the Federal Circuit issued a written order in which it
"ORDERED THAT: The petition is denied, and the stay is lifted."  No. 23-103,
D.I. 44 at 6.  The Federal Circuit did not issue an opinion with its order.

2

Therefore, the order served as the Court's judgment. *See* Fed. Cir. R. 36(b) ("The clerk of court will not prepare a separate judgment when a case is disposed of by order without opinion. The order of the court serves as the judgment when entered."). The Federal Circuit did not direct in its December 8 order that a formal mandate issue. Accordingly, the order itself constituted the mandate. *See* Fed. R. App. P. 41(a) ("Unless the court directs that a formal mandate issue, the mandate consists of a certified copy of the judgment . . . .").

Nimitz thereafter filed a combined petition for panel rehearing and rehearing en banc in the Federal Circuit. No. 23-103, D.I. 55. On January 31, 2023, the Federal Circuit issued a written order in which it stated that "IT IS ORDERED THAT: The petition for panel rehearing is denied. The petition for rehearing en banc is denied." No. 23-103, D.I. 58 at 2. The Federal Circuit did not issue an opinion with its order. Therefore, the order served as the Court's judgment. *See* Fed. Cir. R. 36(b). The Federal Circuit did not direct in its January 31 order that a formal mandate issue. Accordingly, the order itself constituted the mandate. *See* Fed. R. App. P. 41(a).

On February 3, 2023, Nimitz filed a motion asking the Federal Circuit "to stay issuing the mandate . . . pending the filing of a petition for mandamus and/or writ of certiorari in the United States Supreme Court." No. 23-103, D.I. 61 at 1.

3

Nimitz argued in its motion that "there [wa]s good cause for a stay" of the issuance of the mandate because "[i]f the mandate is not stayed, Nimitz would be required to disclose its privileged communications." No. 23-103, D.I. 61 at 2.  On February 7, 2023, the Federal Circuit issued a written order denying Nimitz's motion to stay the issuance of the mandate. No. 23-103, D.I. 62 at 2.  The Federal Circuit did not issue an opinion with its order.  Therefore, the order served as the Court's judgment.  *See* Fed. Cir. R. 36(b).  The Federal Circuit did not direct in its February 7 order that a formal mandate issue.  Accordingly, the order itself constituted the mandate.  *See* Fed. R. App. P. 41(a).

It has now been almost two months since the Federal Circuit's last mandate issued, thereby returning these cases to the jurisdiction of this Court.  Nimitz, however, has still not complied with the November 10 Memorandum Order.

NOW THEREFORE, at Wilmington on this Fourth day of April in 2023, it is HEREBY ORDERED that Nimitz's counsel, George Pazuniak, shall appear in person in Courtroom 4B on April 11, 2023, at 2:00 p.m. and shall be prepared at that time to show cause why he and Nimitz should not be sanctioned for failure to

comply with the November 10 Memorandum Order.

_____

CHIEF JUDGE