## 22-413IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIMITZ TECHNOLOGIES LLC,<br>    Plaintiff,<br><br>            v.<br><br>CNET MEDIA, INC.,<br>    Defendant. | C.A. No. 1:21-cv-01247-CFC |
| NIMITZ TECHNOLOGIES LLC,<br>    Plaintiff,<br><br>            v.<br><br>BUZZFEED, Inc.,<br>    Defendant. | Case No. 1:21-cv-01362-CFC |
| NIMITZ TECHNOLOGIES LLC,<br>    Plaintiff,<br><br>            v.<br><br>IMAGINE LEARNING LLC,<br>    Defendant. | Case No. 1:21-cv-01855-CFC |
| NIMITZ TECHNOLOGIES LLC,<br>    Plaintiff,<br><br>            v.<br><br>BLOOMBERG L.P.,<br>    Defendant. | Case No. 1:22-cv-00413-CFC |

## MOTION FOR REARGUMENT

Pursuant to Rule 7.1.5 of the District of Delaware Local Rules, Plaintiff Nimitz Technologies LLC respectfully moves the Court to reconsider the Court's Memorandum Order of April 4, 2023 (D.I. 39 in first captioned case). The bases for the request are as follows:

1. The Federal Circuit has never issued a mandate in the case *In re: Nimitz Technologies LLC*, 2023-103, and, in fact, had not taken any action after denying Petitioner's motion to stay.

2. This Court concluded that:

> On February 7, 2023, the Federal Circuit issued a written order denying Nimitz's motion to stay the issuance of the mandate. No. 23-103, D.I. 62 at 2. The Federal Circuit did not issue an opinion with its order. Therefore, the order served as the Court's judgment. See Fed. Cir. R. 36(b). The Federal Circuit did not direct in its February 7 order that a formal mandate issue. Accordingly, the order itself constituted the mandate. See Fed. R. App. P. 41(a).

3. Fed. Cir. R. 36 does not address mandates and a Judgment under Rule 36 does not mean that a mandate would not be issued. In fact, the Federal Circuit issues mandates even in cases where the Federal Circuit had rendered a simple Judgment of Affirmance under Fed. Cir. R. 36 without any opinion.

4. Fed. R. App. P. 41(a) does not say that an "order itself constitute[s] [a] mandate." All that Rule 41(a) says is that:

> (a) Contents. Unless the court directs that a formal mandate issue, the mandate consists of a certified copy of the judgment, a copy of the

2

court's opinion, if any, and any direction about costs.

5.     Federal Circuit Rule 41 has a specific provision for when mandates do not issue, and the current language is:

> An order granting an unopposed motion to dismiss or remand a case will constitute the mandate.

Prior to March 1, 2023, Federal Circuit Rule 41 read:

> An order dismissing a case on consent or for failure to prosecute, or dismissing or remanding a case on motion, will constitute the mandate. Except as noted above, in an appeal dismissed by the court sua sponte, the mandate will issue in regular course.

Thus, the Federal Circuit Rules explicitly provided when a mandate would not be issued, and the proceedings in this case do not fall within any prior or current exemption from the issuance of a mandate.

6.     Even if Rule 41(a) excused a formal mandate, the dockets of both this case and the docket of the Federal Circuit case show that the Federal Circuit has not issued "a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs." Thus Rule 41(a) has no application here.

7.     On December 21, 2022, in response to a Rule to Show Cause issued by this Court, Plaintiff responded with an argument headed "The District Court Has No Jurisdiction Until Mandate Issues," which explained why Plaintiff believed that no documents were required to be filed until a mandate issued. (D.I. 38 in lead case) The Court never challenged that position or otherwise advised Plaintiff and its counsel that its stated position was in error.

8. In the Federal Circuit, Petitioner Nimitz filed a motion to stay issuing the mandate regarding the court's denial of Nimitz's petition for a writ of mandamus, and explained the reasons for the requested stay. The Federal Circuit denied the motion, stating "The motion is denied." (D.I. 62 in Federal Circuit). The Federal Circuit did not suggest that the premise of Nimitz' motion was incorrect and that no mandate would be issuing, and its stated denial implicitly accepted the proposition that a mandate would be issuing.

9. Counsel regrets if there is any misunderstanding as to the obligation to comply with the court's production Order. However, in view of the facts and law, Nimitz and its counsel were not required to have delivered to the Court the documents which the Court requested, or, at least, reasonably believed that they had no such obligation until a mandate was issued. Further, given that the required production was unprecedented in requiring production of communications which were protected by the attorney-client privilege, Nimitz and its counsel acted properly and ethically in not voluntarily producing the documents earlier.

10. In any event, counsel has produced two hard copies of the documents to the Court *in camera*, together with a thumb drive with digital versions of the produced documents. Counsel would be happy to address any questions that the Court may have regarding the document production.

Respectfully Submitted,

Dated: April 10, 2023                     */s/ George Pazuniak*
                                                  George Pazuniak (#478)
                                                  824 North Market Street, Suite 10001A
                                                  Wilmington, DE 19801
                                                  Direct: 207-359-8576
                                                  gp@del-iplaw.com

                                                  *Attorneys for Plaintiffs*